# Case No. 24-6954

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

**ACTCA, A MEMBER OF THE ALLIANCE, INC., etc., et al.**

*Plaintiffs and Appellants*

vs.

**RHYTHM PHARMACEUTICALS, INC., etc., et al.,**

*Defendant and Appellee*

_____

APPEAL FROM A DECISION OF THE
UNITED STATES DISTRICT COURT OF THE
CENTRAL DISTRICT OF CALIFORNIA,
Case No. 2:22-cv-01127-CAS-GJS
Christina A. Snyder, Judge

_____

## MOTION OF APPELLANTS' COUNSEL
## TO WITHDRAW

_____

Janice R. Mazur, SBN 144611
appealslawyer@aol.com
MAZUR & MAZUR, LLC
13465 Camino Canada
No. 106-103
El Cajon, California 92021
Tel: 800-383-5002
Fax: 888-550-1240

Counsel for appellants hereby moves this court for leave to withdraw as counsel in the above-referenced matter. This motion is based upon the attached Memorandum of Points and Authorities and the Declaration of Janice R. Mazur.

Dated: March 18, 2025	MAZUR & MAZUR, LLC

By:__/s/ *Janice R. Mazur*_____
Janice R. Mazur, Attorneys for appellants ACTCA, a Member of the Alliance, Inc., SFCT, a Member of the Alliance, Inc., ICTLV, Inc. and NYCT, a Member of the Alliance, Inc.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW FROM REPRESENTATION

Ninth Circuit rule 4-1 governs the withdrawal of attorneys from an appellate case in criminal cases or when counsel is appointed by the court and requires a motion and permission of the court to withdraw. The rule does not specifically address the withdrawal of a privately retained attorney in a civil case, and the Frequently Asked Questions section of the court's website related to electronic filings states that "in any civil case" an attorney may file a "Notice of Withdrawal of Counsel" rather than a motion.

However, Rule 83-2.3.2 of the Central District Court, from which this appeal is taken, provides that an attorney may not withdraw except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action and must be supported by good cause. Accordingly, appellants' counsel moves this court for permission to withdraw.

Central District Local Rule 83-2.3.4 provides that an attorney requesting leave to withdraw from representation of an organization must give written notice to the organization of the consequences of its inability to appear pro se.

The Rutter Group Practice Guide, Federal Civil Procedure Before Trial, Chapter 12-G provides that when considering a motion to excuse counsel from further representation in the particular case, "[f]ederal courts generally look to applicable state rules of professional conduct".

California Rules of Professional Conduct, Rule 1.16, provides, in pertinent part:

> (b) . . . a lawyer may withdraw from representing a client if:
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;
> . . .

California Rules of Professional Conduct, Rule 1.0.1, subdivision (h) provides that "reasonable" or "reasonably" when used in relation to conduct by a lawyer means the conduct of a reasonably prudent and competent lawyer.

A breakdown in the relationship between a client and his attorney provides adequate grounds for granting an application to withdraw as counsel in both California and federal courts. (See, for example, *People v. Cohen* (1976) 59 Cal.App.3d 241, 249, cert. denied (1977) 429 U.S. 1045 [request to withdraw granted where attorney asserts a total lack of communication between him and defendant; *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D.

Cal. 2019) [counsel's statement that there was "a permanent and irreparable break in the attorney-client relationship" was sufficient to support good cause in light of attorney-client privilege concerns]; *Nida v. Allcom*, 2018 WL 6137197, at *1 (C.D. Cal. 2018) [holding that a breakdown in communications constitutes good cause for withdrawal].

In the instant case, and as explained in the Declaration of Janice R. Mazur, substantial, irreconcilable differences have arisen between appellants on the one hand, and Ms. Mazur and Mazur & Mazur, LLC on the other and these differences have led to the total breakdown of the relationship. Ms. Mazur has made multiple efforts to resolve the situation over more than a month's time, and she has communicated to the clients, in writing and through a telephone conversation and messages on multiple occasions, the importance of resolving these issues. Most of these efforts have been met with no response at all, and no resolution has been reached.

Under the circumstances, Ms. Mazur and Mazur & Mazur, LLC, have concluded that it would be unreasonably difficult for the firm to continue to represent appellants in this appeal.

## CONCLUSION

      For the reasons set forth herein, Janice R. Mazur respectfully requests, on behalf of herself and the law firm, that they be granted permission to withdraw from representing the appellants in this appeal.

Respectfully requested,

DATED: March 18, 2025          MAZUR & MAZUR

                                        By: _/s/Janice R. Mazur_____
                                             Janice R. Mazur, Attorneys for ACTCA, a Member of the Alliance, Inc., SFCT, a Member of the Alliance, Inc., ICTLV, Inc. and NYCT, a Member of the Alliance, Inc.

## DECLARATION OF JANICE R. MAZUR

I, Janice R. Mazur, declare as follows:

      1. I am an attorney licensed to practice law in the State of California and in the Ninth Circuit Court of Appeals. The following facts are personally known to me and if called upon to do so, I could and would competently testify thereto.

      2. I have been practicing appellate law in the California appellate courts and in the Ninth Circuit Court of Appeals for approximately 35 years. To the best of my recollection, I have only once before moved a court for permission to withdraw from an appeal in which I was counsel of record. I do not do so lightly.

      3. I am attorney for appellants ACTCA, a Member of the Alliance, Inc., SFCT, a Member of the Alliance, Inc., ICTLV, Inc. and NYCT, a Member of the Alliance, Inc. (referred to collectively by the court and parties as "Axis" or

"the Axis network").

    4.  The action arises from a contract dispute between the parties in which defendant Rhythm Pharmaceuticals entered into a series of written contracts with ACTCA, SFCT, ICTLV and NYCT to conduct two clinical studies on certain pharmaceuticals which Rhythm was developing. Ultimately, ACTCA sued Rhythm alleging non-payment under the contracts. Rhythm then counter-claimed against all four entities claiming the studies were not properly conducted. A first jury trial ended with a verdict in favor of ACTCA for $2.3 million and in favor of Rhythm for $900,000. Both sides moved for directed verdicts. The court denied both motions and ordered a new trial on its own motion. The second jury trial ended with a verdict for Rhythm. All four counterclaim defendants appealed.

    5.  Although the appellants are four entities, incorporated in four different states, according to the Secretary of State websites of each state, all four entities' principle place of business is the same: 5800 Wilshire Boulevard, Los Angeles, California 90010, which is also the office address of "Axis Clinical Trials". All four entities share the same Principal/President/CEO who is the person who signed the Retainer Agreement with my firm on behalf of all the entities.

    6.  Substantial, irreconcilable differences have developed between this law firm and appellants which make it impossible for this firm to continue to represent appellants in this matter. I have personally made numerous efforts to resolve these differences with my clients, through communications with their Principal/President/CEO, Dr. Lydie Hazan, but those efforts have been unsuccessful. These efforts commenced on February 14, 2025, and have included multiple subsequent written and telephonic communications in which I have communicated to the clients the importance of resolving these issues. Most of

these efforts have been met with no response at all, and no resolution has been reached. On Wednesday March 12th I sent an email to my clients' Principal/President/CEO stating that unless the issue was resolved by Friday March 14th, I would have no choice but to withdraw from the representation. I have not received any response to this communication. Although my ethical responsibilities preclude me from providing the court with specific additional detail, the nature of the differences fall within the scope of the grounds for permissive withdraw of counsel set forth in the California Rules of Professional Conduct, rule 1.6(b)(4) and (5).  Should the court require further information, I will attempt to provide it in a manner consistent with those ethical considerations and/or I will seek to disclose confidential information to the court *in camera*.

    7.  Under the circumstances, I believe the attorney-client relationship has irreparably broken down and this situation renders it unreasonably difficult for me to carry out the representation effectively. More specifically, I am a sole practitioner, as my partner is retired. If I am required to continue this representation under the current circumstances in which the terms of the Retainer Agreement are not being met, the time-commitment, given the lengthy record of over 2,000 pages of Reporter's Transcripts, two trials and multiple issues, will greatly and unduly burden my ability to operate my practice. Accordingly, I believe it is in the best interests of all concerned to terminate the attorney-client relationship between the appellants and myself and my firm.

    8.  Concurrently with the filing of this motion, I have sent a letter, and a copy of this motion, to the appellants, c/o Dr. Hazan, via both email and overnight mail. The letter advises that because the appellants are fictional entities, they cannot be represented by any individual acting pro se.  They can only be

represented by counsel.

9. My firm's inability to continue to represent the appellants in this appeal will not impair their ability to prosecute this appeal. The record has been fully prepared, and the Appellants' Brief is not currently due until May 6, 2025. Moreover, pursuant to Ninth Circuit Rule 27-11, the filing of a motion for withdrawal of counsel shall stay the schedule for briefing. This should afford the appellants adequate time to retain new counsel, if they are so inclined. If they do so, I request that this court grant them a reasonable extension of time in which to file the Appellants' Brief, so as to give new counsel sufficient time to prepare it.

10. If this motion is granted, I will of course cooperate with appellants or any attorney for appellants by providing them with all records, research and work product performed by my office to date.

11. Since the judgment from which this appeal is taken is in favor of the defendant/appellee, I can conceive of no possible prejudice which will result to any other party by the granting of this motion.

12. The Principal/President/CEO of the appellant entities is:

Dr. Lydie Hazan
5800 Wilshire Boulevard
Los Angeles, California 90010
Tel: 310-437-9957
email: drhazan@axistoday.com

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct. Executed this 18th day of March, 2025, in Whitefish, Montana.

                                              _/s/ Janice R. Mazur_____
                                              Janice R. Mazur

**PROOF OF SERVICE BY ELECTRONIC AND MAIL SERVICE**

 I am employed in the State of California, County of San Diego. I am over the age of eighteen and not a party to this action. My business address is 13465 Camino Canada, No. 106-103, El Cajon, CA 92021.

 I declare on March 18, 2025, I electronically served a document entitled **MOTION OF APPELLANTS' COUNSEL TO WITHDRAW** on the following entities through the court's electronic filing system:

 Amy Christine Quartarolo
 amy.quartarolo@lw.com

 Alexander Wyman
 alex.wyman@lw.com

 On the same day, I served the same document on Appellants by email and by overnight mail,

 c/o Dr. Lydie Hazan
 5800 Wilshire Boulevard
 Los Angeles, California 90010
 email: drhazan@axistoday.com

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Whitefish, Montana.

DATED: March 18, 2025      _/s/ Janice R. Mazur_
              JANICE R. MAZUR